IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,110-03






EX PARTE DAVID T. MCGARY, AKA DAVID SANDERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 4006-B IN THE 46TH JUDICIAL DISTRICT COURT


FROM HARDEMAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to ninety-nine years' imprisonment. The Seventh Court of
Appeals affirmed his conviction. McGary v. State, No. 07-07-0503-CR - Tex. App. - Amarillo, June
23, 2008, pet ref'd).

 Applicant contends that his counsel at trial and on appeal rendered ineffective assistance
because counsel failed to investigate and challenge the validity of Applicant's arrest, failed to
preserve error for appellate review by pursuing objections to an adverse ruling, and failed to
challenge the sufficiency of the evidence to connect Applicant to the drugs, both at trial and on direct
appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial and appellate counsel responding to Applicant's
claims of ineffective assistance of counsel at trial and on appeal. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the relevant documents,
including the indictment, judgment, trial docket, a transcript of the trial proceedings, and any written
motions filed prior to trial. The trial court shall then make findings of fact as to whether the
performance of Applicant's trial and appellate attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 9, 2012

Do not publish